# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE NRZ PASSTHROUGH TRUST X, its successors and/or assigns,**<br><br>          **Plaintiff,**<br><br>     **v.**<br><br>**PETER NORDBERG and/or JOHN DOES 1-10, JANE DOES 1-10,**<br><br>          **Defendants.** | **ORDER TO SHOW CAUSE**<br><br><br>**Case No. 2:19-cv-185**<br><br>**Judge Clark Waddoups** |

By Notice of Removal filed March 15, 2019, Defendant Louis Monson, a John Doe Defendant, removed this action from the Salt Lake County, Utah, Third Judicial District Court. (ECF. No. 3.) Mr. Monson alleges that the court has jurisdiction over this action because it involves a federal question. Specifically, Mr. Monson alleges the case raises concerns under the Mortgage Assistance Relief Services Rule (Regulation O), 12 CFR Part 1015, *et seq*,[1] as "Defendant has not acknowledged, nor do any of Defendant's allegations or averments stated herein acknowledge any debt owed by Defendant to any Plaintiff individually, collectively, or to any subgroup of Plaintiff whether agents or assigns." (ECF No. 3, at p.2.)

In order for a district court to have original jurisdiction over an action under 28 U.S.C. § 1331, the federal question must arise in "'plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is

---

[1] In his Notice of Removal, Mr. Monson offers an outdate citation to this rule, 16 CFR Part 322.

thought the defendant may interpose.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (*quoting* Taylor v. Anderson, 234 U.S. 74, 75–76 (1914)).  Stated more succinctly, "a federal question must appear on the face of the complaint," and as such, "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) (emphasis in original).  A defendant "may not generally remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Aetna Health Inc.*, 542 U.S. at 207 (*quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10 (1983) (emphasis in original)).

The alleged federal question here arises out of Mr. Monson's purported defense,[2] not the plaintiff's Complaint, and is therefore insufficient to vest this court with jurisdiction over this action.  Accordingly, Mr. Monson **has until April 1, 2019**, to assert a proper basis for the court's jurisdiction over this action.  If he fails to do so, the court will dismiss the case for lack of jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (recognizing that federal courts are courts of limited jurisdiction and therefore "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

DATED this 22nd day of March, 2019.

BY THE COURT:

*Clark Waddoups*
Clark Waddoups
United States District Judge

---

[2] The court also has serious concerns as to the merits of this defense, as the Mortgage Assistance Relief Services Rule seems unrelated to Mr. Monson's claim that he is not indebted to the plaintiff.  It is therefore doubtful that the Rule could be used as a defense to the plaintiff's action for unlawful detainer.