TYLER WIRICK (UT BN 15964)
ALDRIDGE PITE, LLP
374 East 720 South
Orem, UT 84058
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail: TWirick@aldridgepite.com

Attorneys for Plaintiff U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ Pass-Through Trust X, its successors and/or assigns

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE NRZ PASS-THROUGH TRUST X, its successors and/or assigns,<br><br>Plaintiff(s),<br><br>vs.<br><br>PETER NORDBERG, and/or JOHN DOES 1-10, JANE DOES 1-10,<br><br>Defendant(s). | **MOTION AND MEMORANDUM TO VACATE DISMISSAL AND TO REMAND**<br><br>Case No.: 2:19-cv-185<br><br><br>**Honorable Clark Waddoups** |

Plaintiffs, by and through their counsel of record, hereby move this Court for an Order vacating the dismissal in this matter and entering and order remanding the case. This Motion is made pursuant to Fed. R. Civ. P. 60(a) and the grounds that this case was improperly removed, and instead of dismissal, the proper remedy in is to remand the matter to state court.

### I. FACTUAL BACKGROUND

1. This case involves a state law unlawful detainer action filed in the State of Utah 3rd Judicial Court in Salt Lake City, Utah as case no.190901006. (the "State Action.") (Doc. No. 3,

Exhibit 2.)

2. Plaintiff is the lawful owner of certain real property pursuant to a trustee's sale, and is the plaintiff in the state action, and Louis Monson is an occupant of the property and purports to claim some interest therein. (*See Id*).

3. On March 18, 2019, Mr. Monson removed the State Action to this Court, attempting to invoke Federal Question Jurisdiction under 28 U.S.C. § 1441 and 1446 and "pursuant to a federal issue at the time of filing." (Doc. No. 3, ¶ 6).

4. Four days later, on March 22, 2019, the Court entered and *Order to Show Cause* requiring Mr. Monson to "assert a proper basis for the court's jurisdiction in this action." (Doc. No. 4).

5. Mr. Monson failed to respond and on April 3, 2019, just two weeks after the Notice of Removal, the Court entered an Order Dismissing Case for Lack of Jurisdiction. (Doc. No. 5).

6. The effect of the dismissal is that the State Action is unable to move forward as the Court never remanded the case.

## II. ARGUMENT

### THE DISMISSAL SHOULD BE SET ASIDE AND THE CASE REMANDED

Rule 60(a) provides that Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P 60(a). 28 U.S.C. § 1447(c), which governs post-removal procedure provides that a motion to remand a case based on a procedural defect must be made within 30 days after filing. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The language of 1447(c) is

not permissive. *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87, 111 S. Ct. 1700, 1709 (1991)("Since the district court had no original jurisdiction over this case, a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).") *RMP Consulting Grp., Inc. v. Datronic Rental Corp.*, No. 98-5062, 1999 U.S. App. LEXIS 19246, at *7 (10th Cir. Aug. 16, 1999)(Holding even when a motion to dismiss was sought and granted for lack of jurisdiction, the proper course of action was to remand the case.)  Indeed, based on the mandatory language of 1447(c), courts have found that a motion to remand is not required, and "an order of remand is generally the proper disposition when subject matter is found to be lacking." *Four Aces Mobile Home Estates v. Lundahl*, 35 F. Supp. 2d 1337, 1341 (D. Utah 1998)(holding remand was generally the correct remedy, but that dismissal was proper only because the state case had been dismissed and remand would be futile.)

In the instant matter, Mr. Monson improperly removed a case that plainly involved state law claims in a pending state case. Mr. Monson's basis for the removal was founded on a purported defense based upon federal law, and did not properly assert a basis for federal jurisdiction. (Doc. No. 5)  However, instead of remanding the case to a still-waiting state court for further proceedings, the Court dismissed the case. As a result, like the party in the *RMP* matter, Plaintiff is stuck in a jurisprudential purgatory with a dismissed federal case and a state court unable to proceed. Such a situation permits Mr. Monson to benefit from the improper removal and continue to illegally occupy property to which he has no title. Certainly Congress did not intend a party to benefit from an improper removal, and indicated by the costs and fees provision in the statue providing for "payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal" in certain circumstances.[1] 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1447(c), once the Court determined that it lacked jurisdiction in this matter, the case should have been remanded instead of dismissed. The state court case remains open, so remand is a viable option. Further, no other circumstance existed that would otherwise have mandated dismissal. Accordingly, the instant dismissal should be set aside and an order entered remanding this case.

### III.  CONCLUSION

Because remand was mandatory once the Court determined that it lacked jurisdiction, the Order dismissing the case should be set aside, and the case remanded to the state court.

DATED: May 24, 2019

                Respectfully Submitted,

                ALDRIDGE PITE, LLP

                /s/ Tyler Wirick
                TYLER WIRICK
                *Attorneys for Plaintiff U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ Pass-Through Trust X, its successors and/or assigns*

---

[1] Plaintiff is not seeking fees in this matter.

MOTION AND MEMORANDUM - 4

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on May 24, 2019, I filed the foregoing MOTION AND MEMORANDUM TO VACATE DISMISSAL AND TO REMAND via the CM/ECF system, and I send a copy of the foregoing via first class mail on the following:

Louis Monson
1818 East Bear Claw Circle
Draper, UT 84020

/s/ _____